THE CITY OF BURLINGTON v. THE BURLINGTON STREET RY. CO.

1. **Municipal Corporations: STREET RAILWAY: CONTRACT.** Where a city granted to a street railway company the right to lay a double track in its streets, and thereupon the company expended a large amount of money in the enjoyment of the franchise thus conferred, it was *held* that the city could not afterward, by amendment to the ordinance conferring the franchise, limit the company to a single track in a street through which it proposed to extend its line.

2. ——: ——: ——. Before the city could, in the exercise of its police power, limit the company to a single track, it must have been made to appear that the exercise of the right granted by the original ordinance wrought injury.

<em>Appeal from Des Moines Circuit Court.</em>

TUESDAY, SEPTEMBER 17.

ACTION in chancery to enjoin defendant from laying a double track for the street railway on Division street, between Fifth and Eighth streets. A demurrer to defendant's answer was overruled, and plaintiff standing upon this demurrer the petition was dismissed. Plaintiff appeals.

*J. & S. K. Tracy*, for appellant.

*Blake & Hammack*, for appellee.

BECK, J.—I. The petition in this case was filed December 3, 1877. It shows that an ordinance of the city was adopted July 7, 1873, conferring upon defendant authority to construct a street railway. The provisions of this ordinance

need not be set out further than to present the following sections, upon which the questions involved in this case arise:

"Section 5.    Authority is hereby conferred to lay single or double tracks on said streets, except that on streets not more than forty feet wide only one track shall be laid, together with such turn-outs, side-tracks, switches and turn-tables. as may be deemed necessary by said company.

"Sec. 10.    The city reserves the right, by proper police rules and regulations, to govern and control the movement of cars, their speed, places of stoppage, and all other matters and things within the purview of the proper and good government of said city, and which tend to promote the safety and comfort of the passengers and citizens of said city."

In pursuance of this ordinance the defendant built a street railway, with a single track, and is operating the same. On the 29th day of October, 1877, the city council repealed section 5 of the ordinance, and in lieu thereof enacted the following substitute:

"Authority is hereby conferred to lay single tracks on said streets, together with such turn-outs, switches and turn-tables as may be deemed necessary by said company: *provided,* that in no case shall double tracks be laid upon any of said streets unless future authority is conferred by an ordinance of said city."

It is further shown that, in disobedience of the ordinance as it now stands since the amendment, the defendant is about to lay a double track upon Division street, between Fifth and Eighth streets. It is alleged that Division street is a principal thoroughfare of the city, and has been improved by grading, curbing and macadamizing, since the construction of the defendant's single track thereon. The street is forty-two feet wide between the gutters, and the grade thereof is high, making an ascent of seven feet in one hundred. The double track will occupy eighteen feet of the width of the street.

It is alleged that the defendant uses the T rail, and pro-

poses to lay it down in constructing the double track, and that the rail "is greatly objectionable on account of its peculiar shape."

It is charged that, under the ordinance as amended, defendant has no right to lay down the double track, and plaintiff claims that the amended ordinance was adopted under lawful authority of the city.

The petition states that, prior to the amendment of the ordinance, defendant had purchased the iron and material for the double track, but no part thereof had been laid.

The answer of defendant shows that it has expended a large sum of money in building and operating its street railway; that the double track as proposed to be constructed is necessary for the convenience, speed and safety of the traveling public. Defendant claims that under the ordinance as it originally stood it had the right to build the double track, and that right cannot be taken away by amendment or change of the ordinance. A demurrer to the answer was overruled.

It will be observed that it is not alleged the proposed double track will interfere with the proper use of the street by the public, or will injure the property of any citizen. Its construction is attempted to be enjoined solely on the ground that the amended ordinance withholds from defendant authority therefor.

II. Counsel for plaintiff first insist that the city possessed no authority under its charter to adopt the original ordinance. The special charter under which the city was organized was then in force, which, it is claimed, conferred no power upon the city to authorize the building of a street railway by defendant. The question here presented is not raised by the petition, and was not made in the court below. The petition does not deny the authority of the city to pass the ordinance, but inferentially admits it. The question involving the want of authority to pass the ordinance was not raised by plaintiff's demurrer; it cannot be first presented in this court.

The City of Burlington v. The Burlington Street Ry. Co.

III. The ordinance as adopted gave the defendant author-
ity to lay the double track in controversy in this
case. Under this ordinance the defendant ex-
pended large sums in the construction of its rail-
way. The ordinance constitutes a contract whereby defend-
ant is secured in the exercise of the powers conferred therein.
If it had not this effect defendant would have no security
that its property would not be destroyed by unfriendly legis-
lation by the city council. The law will secure to defendant
the exercise of all the powers conferred by the ordinance.
The city cannot, without the consent of the defendant, change
the terms of the contract entered into by the ordinance, nor
abrogate or nullify it. The amendment, therefore, which
attempts to take from defendant the right to lay a double
track cannot have the effect intended, and will deprive defend-
ant of no right guaranteed by the original ordinance.

*1. MUNICIPAL corporations: street railway: contract.*

IV. It is urged that the city in the discharge of its police
power may forbid the laying of the double track.
The question presented by this position is not in
this case, for the reason that it is not shown in the pleadings
that the proposed double track would operate to the incon-
venience of the public, or would work injury to the city, or
any of the people. It is not claimed that the proposed
improvement would be a nuisance, nor is it shown that the
best interest of the city or the people requires it to be for-
bidden. If, therefore, the city retains, in the exercise of its
police authority, the power to forbid the construction of the
double track, the facts present no case for the exercise of that
power. It cannot be claimed, surely, that the city in the
exercise of its police power could deprive the defendant of the
right granted by the original ordinance, when the exercise
of that right wrought injury to no one. This police authority
is not a despotic power that may be exercised without a suf-
ficient public purpose.

*2. ——: ——: ——.*

The judgment of the Circuit Court is

AFFIRMED.