PAWCATUCK VALLEY STREET RAILWAY CO. *vs.* TOWN COUNCIL OF WESTERLY.

WASHINGTON—DECEMBER 12, 1900.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Street Railways.  Appeals from Town Councils.  Statutes.*

The charter of a street railway company provided that the conditions under which it could operate its road were to be fixed by the town council. No appeal was provided for in the charter :—

*Held,* that an appeal would not lie, under Gen. Laws R. I. cap. 248, § 1, from an administrative order of the town council, which it had the authority to pass.

(2)  *Appeal.  Construction of Statutes.*

Gen. Laws R. I. cap. 248, § 1, does not confer a general right of appeal from every order of a town council, but merely limits the time within which such right, otherwise given, must be exercised.

Citing *Walsh* v. *Town Council,* 18 R. I. 88, and *Brown* v. *District,* 21 R. I. 503.

(3)  *Street Railways.  Contracts.  Construction.*

The charter of a street railway company authorized the company to operate its road in such streets as should be from time to time fixed and determined by the town councils  . . .  with the assent of said corporation in writing expressed and filed with the town clerks of said towns, and upon compliance with such terms and conditions and under such rules and regulations as said town councils might impose.  It further

provided that the town council at any time after a year from the opening of the road might by vote determine as to said track that the same or part thereof be discontinued, and thereupon such portion of the tracks should be taken up. The town council passed an ordinance permitting the company to use certain streets and prescribed the use of a certain form of rail. The company filed their assent to the ordinance. After the expiration of a year the town council ordered the company to change the form of rail and to pave a portion of a street :—

*Held,* that the assent of the company related only to the streets through which the road should go, and not to the terms and regulations adopted by the council.

*Held,* further, that the assent of the company did not constitute a contract with the town the provisions of which the latter could not change.

*Semble,* that, assuming such consent to constitute a contract, it would still be subject to the reasonable and necessary requirements of the town for the purpose of complying with their statutory duty of providing safe and convenient highways.

BILL IN EQUITY for an injunction. The facts sufficiently appear in the opinion. Heard on demurrer to bill, and demurrer sustained.

STINESS, C. J.   The demurrer to the bill is based upon two grounds.   First, that the complainant had no right of appeal from the ordinance of the town council, passed September 25, 1900, which ordered the change of rails in Main street from T rails to grooved rails, in order to fit the block pavement about to be put down.

The complainant bases its right of appeal on Gen. Laws cap. 248, § 1, which provides that any person aggrieved by any order or decree of any town council may appeal within forty days, etc.   As stated in *Walsh* v. *Town Council,* 18 R. I. 88, this section was not intended to confer a general *right* of appeal from every order, but merely to fix a limitation of time within which such right, otherwise given, must be exercised.   To the same effect see *Brown* v. *District,* 21 R. I. 503.

The words " unless provision be made to the contrary," added in the consolidation of sections in the judiciary act of 1893, did not extend the statute so as to give a right of appeal in all cases where an appeal was not prohibited, as argued by the complainant, but they simply saved a conflict

in cases where a different time was provided : *e. g.*, one year in cases of non-resident witnesses to a will, and sixty days after filing report in highway cases under the "Betterment act."

(1)   By the charter of the company the conditions under which it can operate a railway in a town are to be fixed by the town council.   No appeal is provided for in the charter, and in view of its terms it is evident that none was intended to be given.   It would be absurd to suppose that an appeal, with a consequent trial by jury, was to be given to every order specifying a street to be used, the location of poles, provision for gutters and culverts, and the like.   Such regulations are simply administrative, and so are placed solely in the discretion of the town council.   The order of the town council with reference to paving and the kind of rail to be adapted to it, is of the same character.   If the town council has the authority to pass upon the matter, its action is not subject to an appeal.   So far as the bill relates to an appeal, pending which an injunction is prayed, it states no case.

(3)   The bill, however, denies the power of the town council to pass upon the matter at all, because, according to the charter, the company was to have the right to operate its road in such streets as shall be determined by the town council, with the assent of the company, "and upon compliance with such terms and conditions and under such rules and regulations as the town council may impose."

In May, 1894, the town passed an ordinance permitting the company to use certain streets for electric cars ; and, among other things, it prescribed the use of a T rail.   The bill assumes that the passage of said ordinance and the assent of the company constituted a contract which cannot be changed without the further assent of the company.

We make no question that an ordinance granting a franchise on conditions, and the acceptance thereof, and the building of a railroad thereunder, amounts to a contract.   But the grant of a right to use the streets is one thing, and the surrender of control of a part of such streets by the town is quite a different matter.   It may readily be conceded that a

town cannot, outside of such a contract, impose new terms and conditions which would practically destroy either the grant or its value. Such was the case of *Citizens Co.* v. *City Co.*, 56 Fed. Rep. 746, affirmed in 166 U. S. 557, where the value of the line would be greatly impaired by a grant to another company. See also *People* v. *West Div.*, 118 Ill. 113 ; *Mayor* v. *Houston*, 83 Tex. 548. In *Western Paving Co.* v. *Citizens Railroad*, 128 Ind. 525, it was held that a city could not compel a company to pay a proportionate part of the cost of improving a street beyond what it was to pay under the contract. The opinion held, however, that doubtful rights were to be construed against the company and in favor of the city.

Such cases are quite different in principle from the case before us. Under our statute towns are required to keep their highways safe and convenient for travellers. Under this duty, which a town cannot evade, there must be a sufficient control of the whole highway by the town to enable it to perform its duty. Such necessary and reasonable requirements as may be made to this end are materially different from new requirements which are made simply for the benefit of the town, and from those which nullify or seriously impair the rights of the company.

In *Mayor* v. *Baltimore Co.*, 166 U. S. 673, where the act granted the right to regulate the use of streets by railway companies, the court added : "In the absence of any such positive legislation, we think there could be no well-founded doubt of this power, and that any contract entered into by the city with a railroad company would be subject to its exercise, so long as it did not materially modify or impair the rights granted by the contract."

Numerous cases hold that the test of legality of an ordinance making some new requirement deemed necessary for the safety, health, or welfare of the community, is its reasonableness and necessity. Upon this ground courts have the right and duty of review, in order to protect rights and to avert oppression. See *Des Moines* v. *City*, 1 Am. & Eng. R. R. Cas. 215 and note ; *State* v. *Cape May*, 59 N. J. L.

396 ; *Wabash* v. *City Defiance,* 167 U. S. 88 ; *Bang* v. *Lewiston,* 89 Me. 194 ; *City Burlington* v. *Burlington R. R. Co.,* 49 Ia. 144.

In the bill before us there is no allegation that the proposed change of rail is either unnecessary or unreasonable. The complainant stands simply on what it claims is an executed contract. It assumes that nothing more can be done without its consent. If its position with regard to the contract was correct, we think it would still be subject to reasonable and necessary requirements under the authorities cited above. But an inspection of its charter, appended to the bill, shows that the restriction of assent, upon which it relies, is not as broad as its claim. The language of the charter is : "Upon such streets . . . as shall be from time to time fixed and determined by the town council . . . with the assent of said corporation in writing expressed and filed with the town clerks of said towns and upon compliance with such terms and conditions and under such rules and regulations as said town councils may impose." It will be observed that the assent of the company relates only to the streets through which it shall go. The terms and regulations require no such assent. They are not limited to the time when the road is built, for the obvious reason that experience may show the necessity of reasonable modifications. Under these facts it is difficult to evolve such a contract as the complainant sets up. But there is a further provision in the charter. Under section 4 the town council, at any time after a year from the opening of the road, which time has elapsed, "may by vote determine as to said track . . . that the same or part thereof be discontinued and thereupon the location shall be deemed resolved, and such portion of the tracks and rails of said corporation shall forthwith be taken up," etc. Surely, if the town has the right to remove the rails altogether, it may make the milder requirement of ordering a change of rail in a street, on the ground of safety and convenience.

The bill states no case, and the demurrer is sustained.

*John W. Sweeney* and *Solomon Lucas,* for complainant.
*A. B. Crafts,* for respondents.