THE CITY OF VANDALIA, Appellee, *vs.* THE POSTAL TELEGRAPH-CABLE COMPANY, Appellant.

*Opinion filed June 22, 1916.*

1. MUNICIPAL CORPORATIONS—*acceptance of ordinance to allow use of streets by a corporation creates a contract.* An ordinance granting to a telegraph company the right to erect poles and wires in the streets of a city becomes a contract when the corporation accepts the ordinance and expends its money in erecting its poles and wires, and such contract cannot be rescinded or revoked except for good cause.

2. SAME—*right of a city to regulate the maintenance and repair of poles and wires.* A city has power, under the statute, to make reasonable regulations relating to the maintenance and repair of telegraph or telephone poles and wires located in the streets under authority of an ordinance, but such regulations must be commensurate with the necessity for the protection of the public health, safety or convenience and must not amount to an arbitrary denial of private rights.

3. SAME—*when ordinance requiring removal of poles is invalid.* An ordinance requiring a telegraph company to remove from a certain named street its poles and wires which are rightfully in such street under the authority of another ordinance is invalid, where no provision is made for locating the poles and wires elsewhere or placing them in conduits, and where the purpose of the ordinance is merely to improve the appearance of the street.

APPEAL from the Circuit Court of Fayette county; the Hon. THOMAS M. JETT, Judge, presiding.

JACOB E. DITTUS, and ARTHUR ROE, for appellant.

FRED A. MEYERS, and BROWN & BURNSIDE, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The city of Vandalia brought an action of debt in the circuit court of Fayette county against appellant. The declaration consists of four counts, charging, in substance, that on June 19, 1913, the city council of said city passed an ordinance which was duly published June 26, 1913, reading as follows:

*"Special Ordinance No. 161.*

"Whereas, it is desired to improve the appearance of the principal business district of the city of Vandalia, Illinois, by the removal of all telegraph, telephone and electric light poles in said district.

*"Be it ordained by the city council of the city of Vandalia, Illinois:*

"Section 1. That all telegraph, telephone and electric light poles be removed from the streets or parts of streets of the city of Vandalia, Illinois, described as follows: Gallatin street of the city of Vandalia, beginning at the intersection of said Gallatin street with the street named and designated as Sixth street, and running thence in an easterly direction on said Gallatin street to the corporate limits.

"Sec. 2. That the owners of poles in the streets or parts of streets described in section 1 of this ordinance remove such poles within six months from the date of the publication of this ordinance.

"Sec. 3. Failure to comply with the provisions of this ordinance shall subject the offender to a penalty of fifteen ($15) dollars for each and every twenty-four (24) hours they shall persist in such violation, which penalty may be recovered in an action of debt, in any court of competent jurisdiction.

"Sec. 4. This ordinance shall be in full force within ten days after legal passage and publication.

"Sec. 5. All ordinances and parts of ordinances in conflict with this ordinance are hereby revoked and repealed."

The declaration also alleged that the six months allowed by the ordinance for the removal of said poles expired December 26, 1913; that from thence defendant has kept and maintained poles on said street contrary to the provisions of said ordinance, and that the penalty of $15 per day from December 27, 1913, until January 27, 1914, or a total of $465, has accrued to appellee. Defendant filed a plea of general issue with notice of special defenses (1) that said

ordinance is void as impairing the obligation of a contract ordinance between the parties enacted October 14, 1890, giving defendant permission to locate the poles where they now are, on certain conditions which have been complied with; (2) that the poles sought to be removed do not interfere with traffic nor with any public use of the street but that the removal of said poles is demanded merely to improve the appearance of the street; (3) that before ordering the removal of said poles no notice or opportunity to be heard was given defendant, as provided by statute; (4) that defendant is engaged in inter-State commerce and that a compliance with the ordinance would interfere with inter-State commerce; (5) that defendant has accepted and is operating under the Post-road act of Congress of July 24, 1866, and the city of Vandalia has no authority to control defendant's poles, wires and cross-arms or to compel the removal of the same; (6) that any change in the line is impracticable and so expensive as to consume defendant's profits from the Vandalia office for thirty years; (7) that the ordinance is void because it prescribes an excessive penalty. The court heard the evidence without a jury and rendered judgment for $300 against defendant. The court having certified that the validity of a municipal ordinance is involved, an appeal was perfected to this court.

The errors relied on for reversal involve the refusal of the court to hold as law, propositions submitted embracing the substance of the defenses relied on.

In support of its defense that special ordinance No. 161 is void as impairing the obligation of a contract, appellant introduced an ordinance in evidence passed by the city of Vandalia October 14, 1890, providing as follows: "Be it ordained by the common council of the city of Vandalia, that permission and authority is granted to the Postal Telegraph-Cable Company, its successors or assigns, the right to construct and maintain a line of telegraph poles and fixtures, and to string wires thereon, on and along such streets

or alleys in said city of Vandalia as may be hereafter se-
lected by said telegraph company acting in conjunction with
the committee on streets and alleys: *Provided*, that said
poles shall be located and placed along such streets or al-
leys in accordance with the direction of said committee on
streets and alleys, so as to interfere as little as possible with
the public use of such streets and alleys: *And provided*,
that said telegraph company shall establish an office in said
city of Vandalia for the benefit of the public in transmit-
ting and receiving telegraphic messages, subject to the usual
charges for such service." The proof shows that appellant
accepted the right granted by said ordinance and located its
poles and wires on and along Gallatin street, in said city,
from Sixth street to the eastern city limits; that it estab-
lished an office for the transmission of messages and that
it had continued for a period of from fifteen to twenty
years to exercise the right so granted. Appellant's accept-
ance of the right granted and its performance of the con-
ditions imposed created a contractual relation between ap-
pellant and appellee. The evidence in this record does not
show that appellant has ever at any time violated its con-
tract in any way. This court has repeatedly held that
when a city has granted the right to use its streets to a cor-
poration, and the corporation accepts the privileges and en-
ters upon the right to use the streets and has laid out large
sums of money in preparation for carrying on its corporate
business, said grant becomes a binding contract between the
city and the company, which cannot be rescinded or revoked
except for good cause. *Chicago Municipal Gas Light Co.*
v. *Town of Lake*, 130 Ill. 42; *City of Belleville* v. *Citizen's
Horse Railway Co.* 152 id. 171; *Village of London Mills*
v. *White*, 208 id. 289; *People* v. *Central Union Telephone
Co.* 232 id. 260.

The right of the city, by virtue of its police powers, to
make reasonable regulations relating to the maintenance
and repair of appellant's poles and wires is guaranteed by

statute and is not open to argument.    (Hurd's Stat. 1913,
chap. 134, sec. 4.)    It must be proportionate to and com-
mensurate with the public necessity for the protection of
the public health, safety, necessity or convenience.    The
application of the police power cannot be extended by the
authority which is entrusted with its application, to an ar-
bitrary misuse or denial of private rights.    *Burlington* v.
*Burlington Street Railway Co.* 49 Iowa, 144; 31 Am. Rep.
145; *City of Plattsmouth* v. *Nebraska Telephone Co.* 14
L. R. A. (N. S.) 654.

It is argued by appellee that ordinance No. 161 does
not require that the lines be removed from the street and
that appellant may still operate them thereon with the wires
underground, and has the same right under the ordinance
of 1890 that it has always had to locate or re-locate on
other streets its lines, poles, etc., under the direction of the
committee on streets and alleys.    The ordinance cannot be
so interpreted.    The location under the old ordinance has
already been made on Gallatin street, and the new ordi-
nance, No. 161, expressly commands appellant and all other
parties to remove all their telegraph, telephone and electric
light poles from the street and gives no authority or per-
mission to put them elsewhere.    The ordinance does not
even permit the owners to maintain their lines of telegraph
on this street in any other manner, and the ordinance ex-
pressly repeals all other ordinances and parts of ordinances
in conflict therewith,—that is to say, any and all ordinances
that permit the locating of such lines, poles, etc., on said
street.    An ordinance for a re-location of the poles should
state what poles are to be removed and give the places to
which they are to be removed, so that it may be ascertained
whether or not such ordinance is reasonable.    The ordi-
nance in question is not one of mere regulation or one re-
quiring and designating a re-location of the poles or requir-
ing the wires to be placed in underground conduits.    For
that reason it will not be necessary to enter into a discus-

sion of the evidence in this record bearing upon the propositions of the proper location or re-location of said poles and whether or not there are good causes shown for a re-location thereof or for a location of appellant's wires underground.

As the effect of ordinance No. 161 is to deprive appellant of the further use of said street for its telegraph line and without authorizing the re-location of its poles or telegraph line elsewhere in the city, it is clearly invalid and no recovery can be had thereon against appellant. We therefore deem it unnecessary to further discuss or pass upon the other questions discussed by the parties in the briefs.

For the reasons aforesaid the judgment of the circuit court is reversed.                    *Judgment reversed.*