### INTERSTATE MOTOR TRANSIT CO. v. KUYKENDALL, State Director of Public Works of Washington.

(District Court, W. D. Washington, N. D.   November 21, 1922.)

No. 309.

1. **Carriers ⬳1—State has power to regulate use by common carriers.**
   The state has full power to regulate or prohibit the use of public highways as a place of business by common carriers for hire.

2. **Commerce ⬳12—State legislation not necessarily unconstitutional because it affects interstate commerce.**
   The fact that state legislation may affect interstate commerce does not render it unconstitutional, if it applies to all and is a reasonable regulation.

3. **Carriers ⬳2—Washington statute for licensing motor vehicles used as carriers for hire on highways held constitutional.**
   The provisions of Washington Highway Act (Acts 1920–21, p. 338), requiring motor vehicles used for carriage of persons or property for hire on public highways of the state to be licensed and to pay stated fees therefor, *held* not in violation of the Constitution, as applied to a corporation doing business as an interstate carrier by motor.

In Equity. Suit by the Interstate Motor Transit Company against E. V. Kuykendall, Director of Public Works of the State of Washington. On motion by defendant to dismiss bill. Motion granted.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The plaintiff alleges that it is a local corporation engaged in transportation as a common carrier by motor-propelled vehicles, and has paid its last annual license fee to the state, and is now carrying persons and their baggage between the cities of Seattle and San Francisco, via Portland, and no intrastate business is done; that the defendant, by virtue of his office, threatens to enforce the provisions of "An act providing for the additional supervision and regulation of transportation of persons and property for compensation over any public state highway by motor-propelled vehicles," enacted by the state of Washington. Laws 1920–21, p. 338. The object of this action is to enjoin the enforcement of the act as against the plaintiff, on the ground that it contravenes the Interstate Commerce clause of the Constitution. The act requires the defendant, as commissioner, to regulate every automobile transportation company operated in this state, and to fix reasonable and sufficient rates and charges, etc., and rules and regulations for the safety of operations affecting the relationship between the automobile transportation company and the traveling and shipping public, and prescribe rules and regulations in conformity with the act, and fixes a minimum fee of $10 for eight-passenger motor-propelled vehicles, and a fee based on the capacity of the vehicles on a basis of 50 cents per passenger per individual seating capacity over eight passengers. It also provides that the act shall not repeal any existing law with relation to motor-propelled vehicles, and if for any reason any section or subsection, clause, or phrase of the act should be held unconstitutional, that the validity of any of the remaining portions of the act should not be affected. Provisions are made for hearing after notice to a certificate holder for willful violation of rules and regulations promulgated, and for revocation and suspension of such certificate, and that the commissioner in granting a certificate shall require liability and property insurance, and forbids operation without first obtaining a certificate declaring that public convenience and necessity requires its operation, but that a certificate must be granted where the applicant was actually operating in good faith in January, 1921. The defendant moves to dismiss for want of equity.

W. R. Crawford, of Seattle, Wash., for plaintiff.

L. L. Thompson, Atty. Gen., and R. W. Clifford, Asst. Atty. Gen. (Anthony W. Dolphin, of Olymphia. Wash., and L. B. Da Ponte, of Seattle, Wash., of counsel), for defendant.

Before GILBERT, Circuit Judge, and CUSHMAN and NETERER, District Judges.

NETERER, District Judge (after stating the facts as above). [1] It has been repeatedly held by the Supreme Court of the state, and also held by this court, that the state has full power to regulate or prohibit the use of public highways as a place of business by common carriers for hire. Hadfield v. Lundin, 98 Wash. 657, 168 Pac. 516, L. R. A. 1918B, 909, Ann. Cas. 1918C, 942; State v. Spokane, 109 Wash. 360, 186 Pac. 864; Schoenfeld v. Seattle (D. C.) 265 Fed. 726, and such is the holding of the Supreme Court in Fifth Ave. Coach Co. v. N. Y., 221 U. S. 467, 31 Sup. Ct. 709, 55 L. Ed. 815. The Supreme Court of Washington has sustained the motor vehicle act, supra, as applied to operations within the state. State ex rel. United Auto T. Co. v. Dept. Pub. Wks., 206 Pac. 21; Oregon-Washington R. Co. v. McColdrick Lbr. Co., 204 Pac. 1059. Our inquiry, therefore, is limited to the question whether it interferes with or imposes an unreasonable burden on interstate commerce. The state of Washington has expended and is expending many millions of dollars for the construction and reconstruction of highways within its bound-

aries. The act in question, and the acts of the state of which it is supplementary, provide for a comprehensive system of highways, and for the regulation of motor and other vehicles operating thereon. Among the powers granted to the national government is the regulation of interstate commerce. Article 1, § 8, Const. While Congress has exercised this power in a variety of acts, it has not done anything which in any way takes from the state the control of the highway within its boundaries, and the right to charge a reasonable compensation for the privilege of driving motor vehicles thereon.

[2] The fact that interstate commerce may be affected by state legislation is not in conflict with the Constitution, if made common to all, and is a reasonable regulation. It was so held in Transp. Co. v. Parkersburg, 107 U. S. 691, 2 Sup. Ct. 732, 27 L. Ed. 584, where a state constructed wharves along the banks of its navigable rivers, which were used for commerce between the states, and charged wharfage fees for the privilege of receiving and landing passengers and freight thereon; in Huse v. Glover, 119 U. S. 543, 7 Sup. Ct. 313, 30 L. Ed. 487, the construction of locks in navigable rivers and a reasonable charge for tolls for using such locks while engaged in interstate commerce was upheld; and the construction of booms for the purpose of increasing the facilities of floating, gathering, and booming logs in navigable waters, and a reasonable charge made therefor was upheld in Lindsay & Phelps v. Mullen, 176 U. S. 126, 20 Sup. Ct. 325, 44 L. Ed. 400.

[3] Clearly the purpose of the act in question was not to regulate interstate commerce. Any one, so far as the act is concerned, may carry passengers for hire from California or Oregon to Washington, or from Washington to Oregon or California. It is only when a party so engaged seeks to appropriate the highway of the state, and this may not be done without the permission of the state. G. T. W. Ry. Co. v. South Bend, 227 U. S. 544, 33 Sup. Ct. 303, 57 L. Ed. 633, 44 L. R. A. (N. S.) 405; Seaboard Air Line Co. v. Raleigh, 242 U. S. 15, 37 Sup. Ct. 8, 61 L. Ed. 121. An illuminating decision of the Supreme Court in Kane v. New Jersey, 242 U. S. 160, 37 Sup. Ct. 30, 61 L. Ed. 222, involving a New Jersey statute requiring persons, residents and nonresidents, before driving an automobile on the public highway, to register the same, and prohibits the driving unless so registered. Justice Brandeis, for the court, among other things, said:

"The power of a state to regulate the use of motor vehicles on its highways has been recently considered by this court and broadly sustained. It extends to nonresidents as well as to residents. It includes the right to exact reasonable compensation for special facilities afforded, as well as reasonable provisions to insure safety, and it is properly exercised in imposing a license fee graduated according to the horse power of the engine. Hendrick v. Maryland, 235 U. S. 610."

And this, says the court, is clearly within the discretion of the state to determine whether the compensation for the use of its highways by automobiles shall be determined by way of fees payable annually or semiannually, or by toll based on mileage or otherwise. In Hendrick v. Md., 235 U. S. 610, at page 622, 35 Sup. Ct. 140, at page 142 (59 L. Ed. 385), Mr. Justice McReynolds said:

"The movement of motor vehicles over the highways is attended by constant and serious dangers to the public, and is also abnormally destructive to the ways themselves. Their success depends upon good roads, the construction and maintenance of which are exceedingly expensive; and in recent years insistent demands have been made upon the states for better facilities, especially by the ever-increasing number of those who own such vehicles. * * * In the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles—those moving in interstate commerce as well as others. * * * This is but an exercise of the police power, uniformly recognized as belonging to the states, and essential to the preservation of the health, safety and comfort of their citizens; and it does not constitute a direct and material burden on interstate commerce. * * * The amount of the charges and method of collection are primarily for determination by the state itself, and so long as they are reasonable, and are fixed according to some uniform, fair, and practical standard, they constitute no burden on interstate commerce. * * * "

Incidentally affecting interstate commerce will not invalidate the act, Kane v. New Jersey, supra; Hendrick v. Maryland, supra; Minnesota Rate Cases, 230 U. S. 352, 33 Sup. Ct. 729, 57 L. Ed. 1511, L. R. A. (N. S.) 1151, Ann. Cas. 1916A, 18; Monongahela Nav. Co. v. U. S., 148 U. S. 312, 13 Sup. Ct. 622, 37 L. Ed. 463; Covington Bridge Co. v. Ky., 154 U. S. 224, 14 Sup. Ct. 1087, 38 L. Ed. 962; Ruse v. Glover, supra; Transit Co. v. Parkersburg, supra. The Supreme Court of Oregon, in Camas State Co. v. Kozer, Sec. of State, 209 Pac. 95, upheld a similar act.

The plaintiff has cited many cases, but all are readily distinguishable from the instant case. Reference is made to only a few. Adams Exp. Co. v. New York, 232 U. S. 32, 34 Sup. Ct. 203, 58 L. Ed. 483, in effect holds that regulations in the interest of street traffic, when reasonable, are not a violation of the interstate commerce clause. It is not discrimination, if it applies to all alike, states the court in West v. Natural Gas Co., 211 U. S. 229, 31 Sup. Ct. 564, 55 L. Ed. 716, 55 L. R. A. (N. S.) 1193. In Barrett v. New York, 232 U. S. 14, 34 Sup. Ct. 203, 58 L. Ed. 483, it was held that the requirements of the ordinance cannot be regarded as a regulation for the safety of street traffic, and the ordinance held unconstitutional as applied to packages in interstate commerce.

This is a suit in equity, and the plaintiff, before invoking the equitable arm of the court, should do equity by offering to comply with such parts of the act, supra, as are unquestionably within the police power of the state, such as obtaining permission to use, and tendering the reasonable fee for the operation of, the motor vehicles over the state highway. Whether other provisions of the act, including the liability and property damage insurance, are an unreasonable burden on interstate commerce, need not now be determined by this court. If other provisions should be a burden on interstate commerce within the intent of the Constitution, the regulatory provision for the use of the state highway is operative and is independent of the other provisions of the act.

The motion to dismiss is sustained.