## CINCINNATI, RICHMOND & MUNCIE RAILROAD *v.* MILLER.

[No. 5,010.   Filed December 15, 1904.   Rehearing denied April 6, 1905.   Transfer denied June 23, 1905.]

1. APPEAL AND ERROR.—*Trial.—Motion to Make Specific.*—The overruling of a motion to make the complaint more specific is not reversible on appeal unless injury results therefrom to the complaining party.   p. 28.

2. PLEADING.—*Complaint.—Railroads.—Highways.—Egress and Ingress.—Damages.*—A complaint, which alleged in one paragraph that the defendant railroad company appropriated plaintiff's right of way which was appurtenant to her land and had been used by her for over thirty years; and which alleged in another paragraph that such defendant had appropriated a public highway contiguous to plaintiff's land and thus destroyed her means of egress and ingress, states a cause of action.   p. 28.

3. TRIAL.—*Interrogatories.—Rights of Way.—Appropriation.*—Answers to interrogatories that plaintiff and her grantor have owned a tract of land since 1866; that a fence was then built along the adjoining canal fourteen to fifteen feet from the bank thereof; that defendant railroad company built its track ten feet from the northwest corner of said land, and the center of the track was four and a half to five feet from the bank of the canal and that defendant purchased the bank and towpath of such canal in 1901 are not irreconcilable with a general verdict that plaintiff had a right of way along her lands partly or wholly upon such towpath.   p. 30.

Cincinnati, etc., Railroad *v.* Miller—36 Ind. App. 26.

4. RAILROADS.—*Eminent Domain.—Rights of Way.—Damages.— Municipal Corporations.*—The appropriation by a railroad company of plaintiff's right of way to her lands is a special injury to plaintiff for which damages are recoverable, and it is no defense thereto that a municipal corporation has given the right so to use such way.  p. 31.

5. APPEAL AND ERROR.—*Evidence.—Harmless Error.*—Where defendant railroad company has appropriated plaintiff's right of way to her land, it is harmless error for her to introduce proof, over defendant's objections, that a crossing was built over defendant's track.  p. 32.

6. EVIDENCE. — *Municipal Council.* — *Parol Orders.* — Parol evidence is admissible to show that a city council ordered the street commissioner to make a railroad crossing, where no record was made of such order.  p. 32.

7. DAMAGES.—*Railroads.—Eminent Domain.—Rights of Way.*— Damages for a permanent injury should be allowed where defendant railroad company appropriated plaintiff's right of way to her land for its right of way.  p. 32.

From Miami Circuit Court; *Nott N. Antrim,* Special Judge.

Action by Matilda D. Miller against the Cincinnati, Richmond & Muncie Railroad.  From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*Robbins & Starr* and *Loveland & Loveland,* for appellant.

*Cox, Reasoner & O'Hara* and *Albert Ward,* for appellee.

ROBINSON, P. J.—Action for damages for the destruction of means of ingress to and egress from appellee's property.

The first paragraph of complaint avers that appellee owns, and has owned for more than thirty years, in fee, certain land occupied and improved as a residence for herself and her family.  The land is described as "commencing at a point on the Wabash river, being the southwest corner of the corporation of the town of Peru as said town was laid out and incorporated on the 21st day of January, 1876, running thence north on said corporation line to the Wabash & Erie canal, thence west along said

Wabash & Erie canal 233 feet, thence south to the Wabash river, thence east along the meanderings of said river to the place of beginning;" that during this time there existed as appurtenant to the land a right of way for travel and for ingress to and egress from the same "along the towpath of said canal" to a public street; that such right of way was sixteen feet wide from the bank of the canal; that appellee has been in continuous and uninterrupted enjoyment of such way from the date of the purchase of the land until October, 1901, when appellant entered upon and took possession of the same, graded and placed its track thereon, occupying the same for its railroad, which has totally destroyed the way as a means of egress and ingress, leaving appellee without any means of reaching the same with any wheeled 'vehicle, and without any means of reaching the same from the streets or public highways except over appellant's road, rendering appellee's property of no value. The second paragraph avers that the way was a public highway, and that appellant, without right or authority, took and holds possession of the same for its railroad.

It is first argued that appellant's motion to make the complaint more specific should have been sustained. But we fail to see wherein the substantial rights of appellant were affected by the court's refusal to make the complaint more specific. While the granting or refusing of such a motion is not a matter wholly within the discretion of the trial court, yet it is so far discretionary that a reversal will not follow unless it appears that the rights of the complaining party have suffered. *Phoenix Ins. Co.* v. *Rowe* (1889), 117 Ind. 202.

It does not necessarily appear from the first paragraph that the way was upon the towpath of the canal. In that paragraph appellee claims to have been the owner of the land for more than thirty years, and that "from the date of the purchase" of the land appellee has been in continuous and uninterrupted enjoyment of

the way. In the second paragraph appellee claims to have become the owner of the land in January, 1876, and at that time a public highway connecting two certain streets was in use, and that the same was in continuous use by appellee and the public for travel until October, 1901. It was not necessary in the first paragraph to aver more particularly where and how the user of the way began, and the averment in that paragraph that the way existed as appurtenant to appellee's land, we think, is the averment of a fact. If the way, in the second paragraph, was a public highway, it was not necessary to plead how or when it became such. It is averred that it was a public highway in 1876, and whether it came into existence as such by user, dedication, or judicial proceedings, if material, would be matter of proof. As this is not a proceeding to establish a way, we fail to see how appellant was harmed in not having a more particular description of the way and highway. In the first paragraph the width is given, and the public street to which the way led, and in the second paragraph it is averred to be a highway used by the public, and that by its use and occupancy by appellant for its roadbed and track appellee's ingress to and egress from her property has been entirely cut off. This paragraph shows sufficiently the special interest appellee had in the public highway.

We think the first and second paragraphs are each sufficient against a demurrer, as they show appellee entitled to some relief. The first paragraph shows the existence of a way and its possession and use without interruption for more than thirty years, its seizure and destruction by appellant, and the resulting injury to appellee. Whether there was such a way, and how it came into existence, must be determined as any other fact. In *Mitchell* v. *Bain* (1895), 142 Ind. 604, it is said: "If there has been the use of an easement for twenty years unexplained, it will be presumed to be under a claim of right and adverse and be sufficient

to establish the title by prescription and authorize the presumption of a grant, unless contradicted or explained. Washburn, Easements (4th ed.), §31, p. 156. If the use be unexplained, it will be presumed to be adverse." As we have already said, this paragraph does not necessarily show that the way and the towpath were identical, nor was it necessary for appellee to plead the evidence showing how the way came to be established. The second paragraph shows the existence and use of a public highway, the special interest appellee had in the highway, its destruction by appellant, and the injury to appellee. As the jury found, in answer to an interrogatory, against appellee on the third paragraph of complaint, it is unnecessary to consider it further.

It is next argued that appellant's motion for judgment on the answers to interrogatories should have been sustained.

3. Appellee's husband purchased the land and took possession in 1866. In 1873 appellee purchased from the administrator of the estate of her deceased husband the undivided two-thirds, and has since owned and occupied the land as her home. A fence was built in 1866, and has since been maintained on the line between the land and the towpath, which is along the south bank of the canal, and which is from fourteen to fifteen feet wide along appellee's property. Appellant's track is four feet eight and one-half inches wide, the center of which is ten feet from the northwest corner of the land. The center of the track is from four and one-half to five feet from the bank of the canal. Appellant owns in fee, as remote grantee of one Fleming, a certain portion of the canal, embracing that part along appellee's premises, including the banks, basins and towpaths originally canal lands. Fleming became the owner in 1876 by purchase at the master's sale under a decree of the United States Circuit Court. Appellant purchased the canal property in 1901.

There is nothing in the above answers inconsistent with the fact found by the general verdict that there was a way along appellee's property at the time appellant built its road. They do not necessarily show that appellee's right to the way, if one existed, was acquired by user as against the canal. The right to use the way as a means of ingress to and egress from her property, although a part or all of it was upon the towpath of the canal, may have come into existence originally in some legal way. The presumption is that it did. The answers do not negative this. The right of appellee to use the towpath as a means of ingress to and egress from her property and the use of the towpath by the canal company are not necessarily so inconsistent that they could not coexist. *Shirk* v. *Board, etc.* (1886), 106 Ind. 573; *City of Logansport* v. *Shirk* (1883), 88 Ind. 563.

The answers show that appellant has placed no obstruction in the traveled way except its railroad iron and ties so constructed into its railroad track. But the question 4. is not whether the road was constructed in a proper manner and place. The question is whether appellant has voluntarily constructed its road so as to injure necessarily the property of appellee. It is true appellant had permission of the city council to use the way for its roadbed, but the council could grant no authority to appellant to injure and interfere with the private property rights of appellee without making compensation therefor. The right of access over this way is an incident to the ownership of the premises, and it could not be taken away or destroyed without liability to the extent of the damage actually incurred. It is an injury to her special and individual property interests, one not suffered by the public in general, for which she sues. An answer to an interrogatory shows that the only damages assessed were those resulting from the obstruction of appellee's means of ingress to and egress from her property. See *Indiana, etc., R. Co.* v. *Eberle* (1887), 110 Ind. 542, 59 Am. Rep. 225; *Evansville, etc.,*

R. Co. v. Dick (1857), 9 Ind. 433; Egbert v. Lake Shore, etc., R. Co. (1893), 6 Ind. App. 350; Pittsburgh, etc., R. Co. v. Noftsger (1901), 26 Ind. App. 614; Decker v. Evansville, etc., R. Co. (1893), 133 Ind. 493.

We see no reversible error in permitting appellee to introduce evidence relating to the putting in of crossings over the canal and railroad track, and appellant's opposition thereto. This evidence might have some bearing upon the question of whether appellee's means of ingress to and egress from her premises had been destroyed, but, whether competent for that purpose or not, we can not say that its admission was prejudicial error.

A street commissioner might legally be ordered by a common council to make a certain crossing without any record of the order being made. If the order was made, and no record of it could be found, parol evidence would be admissible to show what the order was. City of Logansport v. Dykeman (1888), 116 Ind. 15; City of Frankfort v. Irvin (1904), 34 Ind. App. 280.

It is also insisted that damages should not have been allowed upon the theory of a permanent injury to appellee's property. Appellee had a distinct interest in the way in front of her premises, which included the right to have the way kept open as her means of ingress to and egress from the land. So far as this way was a necessary means of access to her land, it was no less a valuable property right than the land itself. Appellant had the right to build its road where it did build it, but in so doing it could not destroy or interfere with this individual property right without making compensation for any injury or damage directly resulting from such interference or destruction. As to appellee, the railroad track is an unlawful obstruction. Her rights are in nowise affected by the permission given by the public authorities. Her private and individual interest in the way had not been acquired. The injury to her property is permanent. By her suit for

damages she recognizes the right of appellant to continue the use of the way for its road, and is entitled to damages on the theory of a permanent depreciation in the value of the property that has been injured. See *Indiana, etc., R. Co.* v. *Eberle, supra,* and cases there cited; *Pittsburgh, etc., R. Co.* v. *Noftsger, supra; Ross* v. *Thompson* (1881), 78 Ind. 90; *Harding* v. *Cowgar* (1891), 127 Ind. 245.

Some question is made that the verdict is not sustained by sufficient evidence. But a careful consideration of the record discloses some evidence to support the verdict. We find no reversible error in the record.

Judgment affirmed.

## ON PETITION FOR REHEARING.

ROBINSON, P. J.—In appellant's argument on the petition for rehearing it is said that the statement of the court that "it does not necessarily appear from the first paragraph of the complaint that the way was upon the towpath of the canal" is contrary to the facts pleaded. The expression could have been more clearly worded, as the thought intended is that the pleading does not show the way was wholly upon the towpath. The pleading does show that the way, sixteen feet wide, included the towpath, but how much more than the towpath, if any, does not appear.

We did not overlook the sixteenth interrogatory and answer. This interrogatory and answer are as follows: "Has there been within the city of Peru, for more than ten years last past, a public street known as Canal street, parallel and adjoining the Wabash & Erie canal, now the right of way of the defendant, immediately opposite, and across said railroad property, from the real estate of plaintiff described in her complaint? Ans. Yes." It is stated in appellant's original brief that appellee's property, with other adjoining property, is a "uniform distance of about sixteen feet from the break of the south bank of the excavation of the canal, while the excavation has an extreme width of from

seventy to eighty feet and a depth of from twelve to fourteen feet." Appellant purchased the canal property, including its bed, banks and towpaths, and constructed its road on the towpath, which is on the south bank of the canal. Its right of way included the bed and north bank of the canal. Canal street, by the plats in evidence, is north of the canal bed. In view of these facts we are still of the opinion that the interrogatory and answer does not materially affect the question whether "appellant has voluntarily constructed its road so as to injure necessarily the property of appellee."

Petition for rehearing overruled.