HUNTINGTON FUEL COMPANY ET AL. v. McILVAINE.

[No. 6,018.    Filed December 19, 1907.    Rehearing denied January 30, 1908.    Transfer denied February 25, 1908.]

1. PLEADING.—*Motions to Make More Specific.—Complaint.—Work and Labor.*—The overruling of a motion to make more specific a complaint demanding, among other things, a judgment for work and labor performed, is harmless error, where the decision was against plaintiff as to everything except for such work and labor. p. 330.

2. SAME.—*Motion to Make More Specific.—Complaint.—Work and Labor.*—It is not reversible error to overrule a motion to make more specific a complaint alleging that defendant owed plaintiff $300 for three months' work and labor commencing June 7 and ending September 7; that he was employed as defendant's manager at $100 per month, and that he performed services of the value of $300 which the defendant accepted. p. 330.

3. WORK AND LABOR. — *Corporations. — Officers. — Evidence.*—Evidence showing that plaintiff, who was an officer of a private corporation, was solicited by a director of the company who was the majority stockholder thereof, to manage the corporation's affairs, and that in the performance thereof plaintiff did common labor of the value of $300, such labor being accepted by such company, entitles plaintiff to a judgment for such amount. p. 331.

4. EVIDENCE.—*Employment of Laborer by Director of Corporation. —Contracts.*—In an action against a corporation by an officer thereof, for services performed, evidence that a director, who was a majority stockholder, directed plaintiff to perform such labor, is admissible to show the employment, and that the services were rendered with expectation of pay. p. 332.

From Huntington Circuit Court; *James C. Branyan*, Judge.

Action by Thomas O. McIlvaine against the Huntington Fuel Company and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Kenner, Lucas & Kenner* and *Runnells & Burry,* for appellants.

*C. W. Watkins,* for appellee.

COMSTOCK, J.—The second amended complaint, upon which the cause was tried, alleges, in substance, that the defendant is a corporation under the laws of the state of Illinois and doing business in this State, with a capital stock of $10,000, of which plaintiff (appellee) owns $4,500, and J. S. Jones and others own $5,500; that said company, until about December —, 1904, was doing a prosperous business, and that there are undivided profits that should be paid to the stockholders, and this plaintiff's share is reasonably worth $295; that said corporation owes him for work and labor for three months—June 7, 1904, to September 7, 1904—a total of $300; that it also owes him for a certain lease for grounds, building, sheds and other appurtenances of a coal-yard, and certain rights and privileges belonging to said lease; that said lease and privileges were duly transferred to said corporation by the plaintiff and accepted for the sum of $1,400, and that the same have been continuously used by the defendant, and were reasonably worth $1,400; that for a considerable time the corporation has not been, and is not now, making any money, and is insolvent; that it was agreed and understood that this plaintiff was to act as manager of said company at Huntington, and was to receive therefor a salary of $100 per month; that, after said corporation was organized and entered upon business, the plaintiff was installed as manager of said company, and the company had no other business than that of a coal-yard; that as soon as the same was put upon a paying basis and in operation said J. S. Jones, for the purpose of wronging and defrauding the plaintiff, having then a control of the majority of the stock, procured the dismissal of this plaintiff as manager of said corporation, and, by the passage of a resolution, deprived plaintiff of his position and his salary; that said cor-

poration, through the manipulations of said Jones, has excluded plaintiff from any participation in the affairs of the corporation, and he has had no access to, control or actual knowledge of, the papers, books, etc. Wherefore, he asks for the appointment of a receiver and for all proper relief.

Appellant Huntington Fuel Company, by its motion, asked that the plaintiff be required to make said second amended complaint more specific as to the three items charged. The motion was overruled, as was also a demurrer for want of facts to said amended complaint. Upon his own petition, appellant Jones was made a party to the cause, and a separate and several answer in two paragraphs was filed by said Jones and appellant Huntington Fuel Company—the first a general denial, the second setting up affirmative matter. No question is presented on said second paragraph, and no further reference is made thereto. · To said second paragraph appellee replied by general denial, and so the issues were formed. Upon timely request the court made special findings, stated conclusions of law, and rendered judgment for $250.30 against the appellant Huntington Fuel Company.

The court finds for the plaintiff only for services rendered the corporation from June 28 to September 1, 1904, less $36.70 due from him to the corporation for coal, and against him as to all other claims, so that the appellants were not, under any view, harmed by the action of the trial court in overruling the motion to make more specific the items of the complaint other than that for labor.

The specification for work and labor is in the following language: "And he says that said corporation owes him for work and labor for three months—June 7, 1904, to September 7, 1904—the total of $300. * * *

And he further says that it was agreed and understood that this plaintiff was to act as manager of said company at Huntington, and was to receive therefor a salary of

$100 a month, and that after said corporation was organized and entered upon business this plaintiff was duly installed as manager of said company, and that as soon as the same was put on a paying basis he was deprived of his position." The motion might properly have been sustained, but the contrary ruling was not reversible error, because the foregoing quotation from the complaint shows that the compensation for services was claimed for three months beginning June 7, 1904, and ending September 7, 1904, and because it is sufficient, using the language of the statute, "to enable a person of common understanding to know what is intended." For the same reason there was no error in overruling the demurrer.

Special findings five and six sustain appellee's claim for services. One of the reasons for a new trial is that the evidence is not sufficient to support said findings. Upon said claim there is evidence to the following effect:

Prior to September 4, 1904, appellee was running the business with assistance from the Chicago office. He left the service of said appellant company September 7, 1904; that prior to September 4, 1904, he had complete control. In the organization of the corporation J. S. Jones subscribed for fifty-five shares and the appellee forty-five shares of the capital stock, there being 100 shares of $100 each. When the same was incorporated three other persons owned one share each. Said Jones instructed appellee to manage the concern and take care of the business. Appellee bought coal and helped to unload it during the months of June, July and August. His work was worth $100 a month. In July, 1904, said J. S. Jones stated to appellee that things were still in an embryonic state, and that as soon as they were running salaries would be arranged for, and he (appellee) would be reimbursed for his time. So that there was evidence that, under the direction of appellant J. S. Jones, an incorporator, director and owner of the majority of the shares of the capital stock of appellant corporation,

appellee did manual labor for the corporation that was reasonably worth $100 a month. The fact that all the work he did was not necessarily within the duties of an officer of the corporation, and though the employment doubtless came to him because he was a stockholder, yet these facts would not deprive him of his right to compensation for the performance of common labor, nor would it be necessary to call a meeting of the board of directors to engage the services of any one for such labor as the testimony shows appellee to have performed. The corporation received the benefit of his services rendered at the instance of the majority stockholder, under whose control it was, and should be required to pay for it.

While appellee was testifying in his own behalf, and after having stated that his work was worth $100 per month, he was asked the following question: "You may state what talk you had with Mr. Jones about your pay for the time from June until September." Objection was made to the question upon the ground that Jones was only a director of the corporation, and that any agreement he made as to compensation for his services would not bind appellant, which objection was overruled. As before stated, the work was performed by the direction of Jones, accepted by the corporation, and it was proper to show that it was done by his authority. It tended to throw light upon the question of whether it was rendered under such circumstances as tended to show that compensation was reasonably to be expected. The right of a director to fix his own salary or the salary of an officer or agent of a corporation is not controlling in the case at bar. It is only a question of compensation for labor rendered at the instance of a director and majority stockholder, and the results of which the corporation have accepted and enjoyed. For so much the complaint is sufficient, and there is evidence to sustain the finding and judgment of the court.

Judgment affirmed.