LOUISVILLE AND SOUTHERN INDIANA TRACTION
COMPANY ET AL. *v.* JENNINGS.

[No. 9,890.   Filed June 25, 1919.   Rehearing denied December
9, 1919.   Transfer denied March 16, 1920.]

1. MUNICIPAL CORPORATIONS.—*Cities.*—*Governmental Powers.*—*Freedom from Liability.*—A city is a government possessing, to a limited extent, sovereign powers, either legislative or judicial, which may be denominated governmental or public, and, being public and sovereign in their nature, a city is not liable for failure to exercise them, nor for errors committed in their exercise.   p. 73.

2. MUNICIPAL CORPORATIONS.—*Cities.*—*Extinguishment of Fires.*—*Governmental Function.*—*Nonliability for Negligence of Servants.*—In the extinguishment of fires, and in making arrangements therefor, the municipality acts in its governmental capacity, and is not liable for damages caused by the negligence of its fire department.   p. 73.

3. DAMAGES. — *Apportionment.* — *Concurrent Negligence.* — *One Only Liable.*—Where a street car passenger was injured in a collision between the street car and a city fire-hose reel through the alleged negligence of both, the jury could not apportion the damages, and, the city not being liable because acting governmentally, the company was liable alone for any damages.   p. 74.

4. NEGLIGENCE.—*General Definition.*—"Negligence" which renders one liable to another who is injured thereby is the doing of some act or thing which it is his duty to refrain from doing, or the failure to do some act or thing which it is his duty to do, or; in other words, doing or omitting something which a reasonably careful and prudent person would not under the same or like circumstances have done or omitted.   p. 75.

5. APPEAL.—*Record Disclosing Confusion of Jury as to Duty.*—*New Trial.*—Where the record discloses that the jury was in confusion as to its duty, and they have rendered a verdict apportioning damages, the Appellate Court will, if it concludes the ends of justice will be best subserved thereby, reverse the judgment to afford a new trial.   p. 76.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by Fred Jennings against the Louisville and Southern Indiana Traction Company and the city of New Albany. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*George H. Hester, George H. Voight, Charles J. Jewett, Henry E. Jewett* and *Walter V. Bulleit,* for appellants.

*Evan B. Stotsenburg* and *John H. Weathers,* for appellee.

NICHOLS, P. J.—This was an action commenced in the Floyd Circuit Court and on change of venue tried in the Clark Circuit Court.

It is averred in the amended complaint in substance that: The appellant Louisville and Southern Indiana Traction Company (hereinafter mentioned as company) owned and operated a line of street railway over Vincennes street in the city of New Albany (hereinafter mentioned as the city) ; said city operated a fire department for the extinguishment of fires, using therefor a number of hose reels for the carriage of hose to and from the fire, the same being propelled by horses driven by men employed by the city. One of said reels was known as No. 5, and was located in a fire engine house on Culbertson avenue, which runs east and west and intersects said Vincennes street at right angles, said engine house being about 1,000 feet east of said Vincennes street.

On May 3, 1914, appellee took passage upon one of the cars of said company, paying the customary fare, and was accepted as a passenger to be carried along said Vincennes street over said Culbertson avenue. Shortly before the car reached said avenue there was an alarm of fire in said city, to which alarm hose reel No. 5, in

NOVEMBER TERM, 1919.                71

Louisville, etc., Traction Co. *v.* Jennings—73 Ind. App. 69.

charge of a servant of the city, responded. In so responding the horses attached to the reel were driven at a high and dangerous rate of speed westward on said avenue to the intersection of said Vincennes street.; at said time the street car on which appellee was riding was traveling northward on Vincennes street and approaching the intersection of said Culbertson avenue. The city's servant as he approached Vincennes street was unable to see approaching vehicles or cars on Vincennes street on account of buildings and other obstructions. Nothwithstanding said fact, said servant negligently and carelessly failed to check the speed of his horses and failed to give any notice or sound any warning of the approach of said reel to Vincennes street, and negligently and carelessly drove the reel toward and onto said intersection at a high and dangerous rate of speed of fifteen miles an hour, and he was thereby unable to stop in order to avoid a collision with any car that might be approaching the intersection. When the car and the reel reached said intersection, through the carelessness and negligence of the agents and servants of the company, and through the carelessness and negligence of the servants of the city, they were caused to collide with each other, thereby throwing the appellee against the sides and seats of the car, causing him to be struck in the back and head and bruising and injuring his body, spine, head and limbs, and causing him to suffer great bodily pain and mental anguish, to lose much time from his avocation (vocation), to incur large expenses for medical and surgical attention, to have his power to make money permanently diminished, and to be permanently injured and crippled to his damage in the sum of $5,000; that said collision and resultant injuries were caused by the negligence of the servants and agents of the company in charge of the car, and by the negligence of the servants of the city in charge of said

reel and horses propelling the same. There was a demand for damages in the sum of $5,000.

The appellant city filed its separate demurrer to appellee's amended complaint, with memorandum, alleging that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, to which ruling said appellant excepted.

The city filed its answer and thereafter its amended answer in two paragraphs; the first being a general denial, and the second, severing its defense, averring that the wrongs and injuries complained of in appellee's amended complaint, if committed at all, were committed by the city in the exercise and discharge of the governmental duty incumbent upon it as a city of the state, and for which wrongs and injuries the city was not liable, for the reason that it is a municipal corporation organized and existing under the laws of the state as a city of the third class, and as such is required to maintain, and for many years has maintained, a paid fire department for the extinguishment of fires occurring within the corporate limits.

On the day of the alleged injuries, the alarm of fire was sounded and the city's hose reel No. 5 was being driven in response to the alarm of fire to a point within the corporate limits of the city where said fire then was, and while being so driven the wrongs and injuries complained of were inflicted without any fault or negligence on the part of the city.

Appellee filed his demurrer to the second paragraph of answer for want of facts to constitute a defense, which demurrer was sustained, to which ruling the appellant city excepted. The appellant company, severing its defense, after demurrer to the complaint which was overruled, filed its answer in general denial. The cause was submitted to the jury for trial, which returned the following verdict:

NOVEMBER TERM, 1919.                    73

Louisville, etc., Traction Co. *v.* Jennings—73 Ind. App. 69.

"We, the jury find for the plaintiff and assess his damages at $1,500. $1,000 against city of New Albany, $500 against Louisville and Southern Indiana Traction Company.

"James D. Applegate,
"Foreman."

Appellant company filed its motion for a *venire facias de novo* assigning as grounds therefor: (1) The verdict does not assess the damages against appellant as required by law. (2) Such verdict assesses damages against appellant company separably at $500 and against appellant city at $1,000. (3) Such verdict did not assess appellee's damages against both of the appellants jointly. (4) Such verdict is so defective, uncertain and ambiguous that no judgment can be rendered thereon. This motion was overruled.

Appellant company filed its motion for a new trial, which was overruled, and thereafter its motion in arrest of judgment, which was overruled, and thereupon the court rendered judgment in favor of the appellee and against the appellants for $1,500 and costs. The appellant company filed its motion to modify such judgment by striking out $1,500 as the amount and inserting in lieu thereof $1,000, which was overruled by the court, and appellants now prosecute this appeal.

The only error assigned by the appellant city that we need to consider is the action of the court in overruling the demurrer to the amended complaint.

The question thus presented is as to whether a city of the state is liable in damages to one injured by the negligence of a member of its city fire department while he is attempting to extinguish a fire.

It is the settled law of this state, as well as elsewhere, that a municipal corporation, such as the appellant city in this case, is a government possessing, to a limited extent, sovereign powers, which are

1-2.

either legislative or judicial, and which may be denominated governmental or public, and, such powers being public and sovereign in their nature, such city is not liable for a failure to exercise them, or for errors committed in their exercise. In the extinguishment of fires and in making arrangements therefor, the municipality acts in its governmental capacity, and is not liable for damages caused by the negligence of its fire department.

This is a substantial statement of the holding in the case of *Aschoff* v. *City of Evansville* (1904), 34 Ind. App. 31, 32, 72 N. E. 279, which case cites a large number of authorities to the same effect. See, also, *City of Kokomo* v. *Loy* (1916), 185 Ind. 18, 112 N. E. 994; *Long* v. *City of Birmingham* (1909), 161 Ala. 427, 49 South. 881, 18 Ann. Cas. 507; *Wild* v. *Paterson* (1885), 47 N. J. Law 406, 1 Atl. 490; *Shanewerk* v. *City of Ft. Worth* (1895), 11 Tex. Civ. App. 271, 32 S. W. 918; *Peterson* v. *City of Wilmington* (1902), 130 N. C. 76, 40 S. E. 853, 56 L. R. A. 959.

The appellant city's demurrer to the amended complaint should have been sustained. The city has presented and discussed other alleged errors, but, with this ruling, we do not need to consider them. Reaching this conclusion, we have thereby said to the appellant city that it go hence without the payment of damages.

Appellant company's assignment of errors Nos. 2, 3, 4 and 5 all complain of the action of the trial court in rendering judgment on the verdict.

The question thus presented is as to the liability of the appellant company for damages by the verdict of the jury, and, if so, in what amount. The jury, by its verdict, has said that the appellee has been damaged in the sum of $1,500. He has suffered an injury for which he is entitled to satisfaction if a party responsible therefor in law can be found. In the case of *Westfield Gas, etc., Co.* v. *Abernathy* (1893), 8

Ind. App. 73, 35 N. E. 399, cited by appellants as well as by appellee, it is said that where the separate and independent acts of negligence of two parties are the direct causes of a single injury, and it is not possible to determine in what proportion each contributed thereto, *either is responsible for the injury*. In this case the appellant city is not liable for the reason that its negligent act was done while it was exercising a governmental function. It follows that any damages suffered must be paid by the appellant company, for the jury could not apportion the amount that each should pay. These principles are fully discussed in the case last above cited, and we do not need further to discuss them.

Appellant company complains earnestly of the following instruction: "No. 6. Negligence which renders one liable to another who is injured thereby is the doing of some act or thing which it is his duty to refrain from doing or in failing to do some act or thing which it is his duty to do. Or, to put it in other words, where a person does something, which a reasonably careful and prudent person would not do under the same or like circumstances, or the failing to do something which a reasonably careful and prudent person would have done under the same or like circumstances, constitutes negligence; and where such negligent act is done or omitted, and by reason of it another suffers injury therefrom, such negligent person is liable to the injured person, he being without fault."

We are unable to see any objection to this instruction. It is a clear definition of negligence of general application, and is in harmony with *Faris* v. *Hoberg* (1893), 134 Ind. 269, 274, 33 N. E. 1028, 39 Am. St. 261. The authorities cited by appellant, to wit, *Louisville, etc., Traction Co.* v. *Korbe* (1911), 175 Ind. 450, 93 N. E. 5, 94 N. E. 768; *Caughell* v. *Indianapolis Traction, etc., Co.* (1912), 50 Ind. App. 5, 97 N. E. 1028; *Indiana*

*Union Traction Co.* v. *Bales* (1915), 58 Ind. App. 92, 107 N. E. 682, discuss specific instructions applicable to the cases respectively under consideration, and are not out of harmony with the instruction here challenged.

The record discloses that the jury was in some confusion as to its duty, and we conclude that the ends of justice will be best subserved by granting the company a new trial. The judgment is reversed, with instructions to sustain the appellant city's demurrer to the amended complaint and to grant the appellant company a new trial.