LAKE COUNTY AGRICULTURAL SOCIETY *v.* VERPLANK ET AL.

[No. 9,953.    Filed October 16, 1919.]

1. APPEAL. — *Questions Presented.* — *Ruling on Motion for New Trial.*—*Failure to File Bill of Exceptions in Time Allowed.*— Where defendant's motion for a new trial was overruled and it failed to file its bill of exceptions in the time fixed by the court, no available error is presented by the motion for new trial.    p. 188.

2. APPEAL.—*Review.*—*Ruling on Motion to Make Complaint More Specific.*—*Discretion of Trial Court.*—The granting or refusing of a motion to make the complaint more specific is not wholly within the discretion of the trial court, but, unless it clearly appears that the complaining party has suffered by the court's refusal to sustain such a motion, the cause will not be reversed. p. 188.

3. APPEAL.—*Review.*—*Ruling on Motion to Make Complaint More Specific.*—In an action to recover for automobile hire, which was shown by bill of particulars filed with the complaint to have consisted of twenty separate items, the date of each being given, the denial of defendant's motion to make the complaint more specific *held* not seriously prejudicial to defendant, so as to justify a reversal.    p. 188.

4. AGRICULTURE.—*Incorporated Agricultural Societies.*—*Powers.*— *Contracting for Automobile Hire.*—*Statutes.*—An agricultural so-

ciety organized under §3195 *et seq.* Burns 1914, §2629 R. S. 1881, has implied power to contract for anything, such as the hiring of automobiles, that will further the purposes of the organization. p. 189.

5. AGRICULTURE.—*County Agricultural Societies.—Actions Against. —Defenses.—Ultra Vires Acts.—When Estopped to Plead.*—An incorporated county agricultural society which has received the benefit of automobile hire for which it has contracted, cannot be permitted to set up the defense, in an action for such services, that it had no power to make the contract. p. 189.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by George Verplank and others against the Lake County Agricultural Society. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Newton A. Hembroff,* for appellant.
*Harris & Ressler,* for appellees.

NICHOLS, P. J.—This action was commenced by the appellees, against appellant, in the Lake Superior Court at Hammond, and afterwards transferred to the Lake Superior Court at Crown Point. The complaint is in one paragraph, and avers in substance that the appellant is indebted to the appellees in the sum of $380.50, for automobile hire, or livery, furnished at the special instance and request of the appellant, a bill of particulars of which is filed and made a part of the complaint, and consists of twenty items of charges for auto hire, or livery, extending from August 15, 1915, to September 6, 1915, inclusive, the separate items of daily charges totaling $380.50. It contains the usual allegations of past due, unpaid, demand for payment, and refusal and failure to pay.

A motion was filed to require appellees to make the complaint more specific, which was overruled. Appellant then filed its demurrer to the complaint, for want of facts to constitute a cause of action, with

memoranda to the effect that: The complaint shows on its face that the appellant is an agricultural society, with only such powers as are given it by §§3195, 3196 Burns 1914, §§2629, 2630 R. S. 1881; that the appellant had no power to enter into any contract, or to accept or request any services, such as are sued upon; and the suit is brought for services rendered to a corporation, which said corporation is deprived by law of the right to contract for, solicit, accept, or receive.

The demurrer was overruled, after which the appellant answered in general denial; the case was tried by the court, without a jury, and a judgment was rendered in favor of appellees. There was a motion for a new trial, which was overruled, but, as the appellant failed to file his bill of exceptions in the time fixed by the court, no available error is presented by the motion for a new trial.

The only alleged errors properly assigned are the ruling of the court on the appellant's motion to make the complaint more specific, and the ruling of the court on the appellant's demurrer to the complaint. The granting or refusing of a motion to make the pleading more specific is not wholly within the discretion of the trial court, but, unless it clearly appears that the complaining party has suffered by the court's refusal to sustain such a motion, the cause will not be reversed because of the court's ruling. *Cincinnati, etc., Railroad* v. *Miller* (1905), 36 Ind. App. 26, 72 N. E. 827, 73 N. E. 1001; *Leimgruber* v. *Leimgruber* (1909), 172 Ind. 370, 86 N. E. 73, 88 N. E. 593. In the bill of particulars there are twenty items of charges, each for automobile livery, daily rendered from August 15, 1915, to September 6, 1915. The nature of these

NOVEMBER TERM, 1919.                189

Lake Co. Agrl. Society *v.* Verplank—71 Ind. App. 186.

services, if performed, and the time occupied in such performance, must have been peculiarly within the knowledge of the appellant, as well as the appellees, and, while the court might, without error, have sustained the motion to make the items more definite as to the nature of the traffic and time occupied in its performance, we do not see how the appellant could have been seriously injured by the court's ruling, so as to justify a reversal by reason thereof. *Huntington Fuel Co.* v. *McIlvaine* (1908), 41 Ind. App. 328, 82 N. E. 1001; *Kelsay* v. *Chicago, etc., Railroad* (1908), 41 Ind. App. 128, 81 N. E. 522.

We see nothing in the complaint that shows that the appellant was incorporated under §§3195, 3196, *supra,* and §3211 Burns 1914, Acts 1889 p. 273;

4. but, if it was, there is no reason why it could not have contracted for such services as are the basis of this action. A corporation has
5. implied power to contract for anything that will further the purpose of its organization. *Barnett, Admr.,* v. *Franklin College* (1893), 10 Ind. App. 103, 37 N. E. 427; *Wright* v. *Hughes* (1889), 119 Ind. 324, 21 N. E. 907, 12 Am. St. 412. Further, if the contract for the services rendered was in excess of appellant's granted power, it appears on the face of the complaint that the appellants received the benefits of the services contracted for, and it must not now be permitted to set up and maintain a defense that it had no power to make the contract. 10 Cyc 1156.

The demurrer was properly overruled. The judgment is affirmed.