WESTERN LIFE INDEMNITY COMPANY *v.* LINDSAY.

[No. 10,175. Filed June 23, 1920. Rehearing denied November 16, 1920.]

1. APPEAL.— *Review.— Overruling Motion to Make Complaint More Specific.—Discretion of Trial Court.*—The overruling of a motion to make a complaint more specific is so largely a matter of discretion with the trial court that, to render its action reversible error, the mover must show that he was in some way injured by the ruling. p. 126.

2. APPEAL.—*Review.—Overruling Motion to Make Complaint More Specific.—When Harmless.*—In an action against an insurance company to recover premiums paid to it by plaintiff, it was not reversible error to overrule a motion to make the first paragraph of complaint more specific, even though the ruling was technically erroneous, where defendant fails to show that it was misled as to the nature of the demand in suit, or that it was prevented from making full preparation for its defense, and the record fails to disclose that any substantial rights of defendant were probably affected by such ruling. p. 126.

3. PLEADING.—*Complaint.—Construction.—Inferences.*—In determining the sufficiency of a complaint as against demurrer, the court must consider, in connection with the facts expressly alleged, such further facts as can be implied therefrom by fair

Western Life Indemnity Co. *v.* Lindsay—74 Ind. App. 122.

and reasonable intendment, and to give such facts so impliedly averred the same force and effect as if directly stated. p. 127.

4.  INSURANCE.—*Action to Recover Premiums.—Complaint.—Sufficiency.*—In an action against an insurance company to recover insurance premiums paid, a complaint alleging that the original policy was for unlimited liability, but that the liability of successors to the original insurer was limited, and that such limitation was fraudulently concealed from insured for the purpose of collecting premiums from him, *held* good as against demurrer. p. 127.

5.  APPEAL.— *Review.— Ruling on Demurrer.— Objections Considered.*—Objections to the sufficiency of a complaint which are not so specifically stated in the memorandum filed with the demurrer as to show that the trial court's attention was directed thereto, are not available on appeal. p. 127.

6.  INSURANCE.— *Action to Recover Premiums.— Fraud.— Evidence.—Sufficiency.*—Insured cannot recover premiums paid by him to the successor of the original insurer on the ground that under the contract of reinsurance the liability was limited, and his policy was of less value than the original policy, which fact was fraudulently concealed from insured for the purpose of inducing him to pay the premiums, in the absence of proof that defendant company knew that insured, when he paid the premiums, was ignorant of the limited liability and fraudulently concealed such fact from him. p. 128.

From Howard Circuit Court; *William C. Purdum,* Judge.

Action by George B. Lindsay against the Western Life Indemnity Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Thomas J. Graydon, James C. Blacklidge, Conrad Wolf* and *Earl B. Barnes,* for appellant.

*John B. Joyce,* for appellee.

BATMAN, J.—This action was brought by appellee against appellant to recover premiums theretofore paid by the former to the latter on a policy of life insurance issued to him. The complaint is in two paragraphs. The first alleges that the appellant is indebted to appellee in the sum of $719.71 for money had and received by appellant for appellee's use, on and prior to Febru-

ary 1, 1912, which appellant has refused and still refuses to pay appellee, although demand was made therefor before the bringing of this action, and that said sum is now due and wholly unpaid. Demand for judgment in the sum of $1,000. A bill of particulars was filed with said paragraph, showing that the money, alleged to have been received by appellant for appellee's use and benefit, consisted of eighty-four cash items of $6.30, one of which was received each successive month from February, 1905, to January, 1912, to which interest is added for the average time, making a total of $719.71. The second paragraph alleges that on August 18, 1891, the Piqua Mutual Aid and Accident Association, for a certain consideration, issued to appellee a policy of insurance upon his life for the sum of $3,000, payable on his death to his wife, Melsena Lindsay; that said policy did not contain any condition or stipulation that it should be forfeited or its value changed or dimished in any manner, except by his failure to pay all assessments and dues therein specified. Following these allegations is a copy of said policy, which contains many provisions, among which is the following:

> "That the amount paid shall not in any case exceed the percentage of amount collected according to the amount of insurance specified above, on one assessment on each of the contributing members who shall pay the assessments provided by the bylaws of this association."

It is further alleged in substance, among other things, that appellee accepted said policy, and has fully performed all the obligations therein imposed upon him; that, subsequently to his said acceptance, said policy was transferred successively to the following companies, each of which assumed the obligations and liabilities thereunder: Potomac Life Insurance Company, I. O. O. F. Mutual Life Insurance Society, Mutual Life

Insurance Company of Pennsylvania, Life Insurance Company of Pennsylvania, and Western Life Indemnity Company, the appellant herein; that by a certain contract of consolidation between the I. O. O. F. Mutual Life Insurance Society and said Potomac Life Insurance Company certain changes were made and attempted to be made in said policy, by which the value thereof would be greatly decreased, and would continue to decrease in a certain ratio every year thereafter, until it would have no value at all, if appellee lived to extreme old age, and by which its value on February 21, 1912, was only $724; that said changes and attempted changes in the value of said policy were concealed from appellee by the parties to said contract of consolidation, and their successors, including appellant, so that appellee had no knowledge thereof until February 21, 1912, when appellant notified him that his said policy had been changed as aforesaid; that appellee paid to appellant, as premiums, assessments and dues on said policy, prior to February 12, 1912, the sum of $529.20; that, as soon as appellee learned of said facts with reference to the changes in the value of his said policy, he stopped paying any further installments of premiums, assessments and dues thereon, and demanded from appellant said sum of $529.20 theretofore paid by him on that account; that, if appellee had known of said changes and attempted changes in the value of his said policy, so concealed from him, he would not have paid said installments of premiums, assessments, or dues, or any of them; that appellant, at the time it received each of said installments of premiums, assessments and dues from appellee, knew of said changes and attempted changes in said policy, and knew that appellee had no knowledge thereof, and, well knowing such facts, fraudulently concealed the same from appellee, for the purpose of inducing him to make such payments. De-

mand for judgment in the sum of $1,000. Appellant filed a motion to make said first paragraph of the complaint more specific and a demurrer to said second paragraph, each of which were overruled. Appellant then filed an answer in two paragraphs, consisting of a general denial, and a special paragraph, pleading the statute of limitations, to which a reply in general denial was filed. The cause was submitted for trial and, on request, the court made a special finding of facts and stated its conclusion of law thereon, on which judgment was rendered in favor of appellee for $529.20, with interest and costs. Appellant excepted to the conclusion of law, and also filed a motion for a new trial, which was overruled. It now prosecutes this appeal on an assignment of errors which requires a consideration of the questions hereinafter determined.

Appellant's first assigned error relates to the action of the court in overruling its motion to make the first paragraph of the complaint more specific. It has

1. been held that the overruling of a motion to make a complaint more specific is so largely a matter of discretion with the trial court that, to render its action in that regard reversible error on appeal, it is necessary that the mover show that he was in some way injured by the denial. *Leimgruber* v. *Leimgruber* (1909), 172 Ind. 370, 86 N. E. 73, 88 N. E. 593. Appellant has not suggested in what way he was misled

2. as to the nature of the demand in suit, or how it was prevented from making full preparation for its defense, or any other matter that worked to its disadvantage by reason of the court's action in overruling said motion. In view of this fact and the further fact that an examination of the record fails to disclose that any substantial rights of appellant were probably affected by such action of the court, we are led to conclude that there was no reversible error committed in over-

ruling such motion, even if it could be said that such action was technically erroneous. *Cincinnati, etc., R. Co.* v. *Miller* (1905), 36 Ind. App. 26, 72 N. E. 827, 73 N. E. 1001; *Carter* v. *Richart* (1917), 65 Ind. App. 255, 114 N. E. 110; *Lake Co. Agrl. Society* v. *Verplank* (1919), 71 Ind. App. 186, 124 N. E. 494.

Appellant's second assigned error relates to the action of the court in overruling its demurrer to the second paragraph of the complaint. This paragraph does not appear to have been as carefully drawn as good pleading requires. However, it is our duty to consider, in connection with the facts expressly alleged therein, such further facts as can be implied therefrom, by fair and reasonable intendment, and to give such facts so impliedly averred the same force and effect as if directly stated. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99. Under this rule we construe the paragraph of complaint as alleging that the liability which the I. O. O. F. Mutual Life Insurance Society and its successors, including appellant, assumed under said policy was a limited liability, as provided in the alleged contract of consolidation between said I. O. O. F. Mutual Life Insurance Society and said Potomac Life Insurance Company. When so construed, said second paragraph states a good cause of action, based on the theory that appellant had fraudulently concealed the fact from appellee that the liability assumed by it under said policy was a limited liability, and thereby induced him to pay to it the premiums or assessments provided therein.

Appellant has urged a number of reasons in support of its demurrer to said second paragraph, but none which we consider of sufficient importance to merit a discussion are so specifically stated in the memorandum filed with said demurrer as to

indicate that the trial court's attention was directed thereto. Because of this fact such reasons cannot be successfully urged on appeal. *Stiles* v. *Hasler* (1913), 56 Ind. App. 88, 104 N. E. 878. There was no error in overruling said demurrer.

The court on request made a special finding of facts, on which it stated a single conclusion of law to the effect that appellee should recover from appellant 6. the sum of $529.20, together with interest thereon at six per cent. per annum from July 1, 1914. The special finding of facts is very long, consisting of forty-four separate findings, and no good purpose would be subserved by setting it out in this opinion, since we have reached the conclusion that one of the material facts found therein is not sustained by the evidence, and for that reason the judgment must be reversed. It will be observed that appellee bases his right of recovery on the theory that the liability assumed by appellant under his policy was less than the face value thereof; that he had no knowledge of such fact until February, 1912; that appellant knew such fact, and knew that appellee was ignorant thereof; and that with such knowledge appellant fraudulently concealed the fact of such limited liability from him for the purpose of inducing him to pay to it the monthly premiums or assessments thereon. All of these facts were essential to appellee's right of recovery, and were expressly found by the court, but a searching examination of the record fails to disclose any evidence to show that appellant knew that appellee was ignorant of the fact that the liability assumed by it was a limited liability, and with such knowledge fraudulently concealed such fact from him. We therefore conclude that appellant's motion for a new trial should have been sustained.

Appellant contends that on the facts found it is entitled to have a conclusion of law stated in its favor, but

we cannot concur in this contention. The judgment is therefore reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.