## UNION TRACTION COMPANY OF INDIANA *v.* CITY OF MUNCIE.

[No. 10,803.   Filed November 30, 1921.   Rehearing denied February 15, 1922.   Transfer denied June 26, 1923.]

1.  APPEAL.—*Review.*—*Overruling Motion to Make More Specific.*—Overruling a motion to make a complaint more specific is so largely a matter of discretion with the trial court that, to render its action reversible error, it is necessary that the mover show that he was in some way injured by the denial. p. 262.

2.  STREET RAILROADS.—*Damage to Property.*—*Complaint.*—*Sufficiency.*—In an action by a city against a traction company for damage to fire apparatus in collision with a car; a complaint showing that defendant was operating its car in violation of certain ordinances, and that as a result thereof, plaintiff's fire truck was struck, without fault on the part of plaintiff, *held* sufficient to state a cause of action. p. 263.

3.  SET-OFF AND COUNTERCLAIM.—*Negligence.*—*Action for Damages.*—*Counterclaim for Damages.*—In an action by a city against a traction company for damage to a fire truck in collision with a street car, defendant could not set up damage to the car in the same collision as a counterclaim. p. 263.

4.  MUNICIPAL CORPORATIONS. — *Governmental Acts.* — *Maintenance and Operation of Fire Department.*—*Negligence of Firemen.*—*Liability of City.*—The maintenance and operation of a fire department by a municipality for the purpose of preventing and extinguishing fires is the performance of a governmental act, and it is not liable for the negligence of its firemen while engaged in the discharge of their duties as such. p. 263.

5.  CONSTITUTIONAL LAW.—*Street Railroads.*—*Ordinances Regulating Operation of Cars.*—*Validity.*—City ordinances relating to the speed of street cars within the corporate limits and at street crossings, the right of way of the city's fire department over its streets, and the duty of persons in charge of street cars to stop the cars and remain stationary upon the approach of any fire apparatus, were within the police power of the city, as conferred by §8655, cls. 31, 49, Burns 1914, Acts 1905 p. 219, and such power was a continuing power, of which the city

Union Traction Co. *v.* City of Muncie—80 Ind. App. 260.

could not divest itself by contract or otherwise, and such ordinances applied to a street railway company which had been granted its franchise before they were passed.   p. 264.

6.   CONSTITUTIONAL LAW.—*Impairment of Contracts.—Exercise of Police Power.*—The constitutional provision against the impairment of contract obligations does not apply where the legislation which is claimed to impair a contract right under an ordinance granting a privilege is an exercise of the police power.   p. 264.

7.   NEGLIGENCE.—*Violation of Statutory Duty.—Liability.*—The violation of a duty imposed by statute or a municipal ordinance is negligence *per se,* and where injury flows directly therefrom, as a natural and probable result of the wrongful act, unaffected by contributory negligence on the part of the injured party, a liability is incurred by the wrongdoer.   p. 266.

8.   NEGLIGENCE.— *Violation of Penal Statute.— Liability.—* The fact that a statute or a municipal ordinance imposes a penalty for a violation thereof will not prevent an action for damages resulting from such violation.   p. 266.

9.   APPEAL.— *Review.— Verdict.— Conclusiveness.—* Where there is some evidence to sustain a finding by the jury, it will not be disturbed on appeal.   p. 267.

10.   APPEAL.—*Briefs.—Specification of Error.—Failure to Show Objections and Exceptions.*—No question is presented as to the admissibility of evidence referred to in a motion for new trial, where appellant has failed to set out in his brief what objections, if any, were made in the trial court to the admission of such evidence, or that any exceptions were taken to the action of the court in its rulings thereon.   p. 269.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by the city of Muncie against the Union Traction Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*J. A. VanOsdol, Warner & Warner* and *George D. Forkner,* for appellant.

*John McPhee* and *Barnard & Barnard,* for appellee.

BATMAN, J.—This is an action by appellee against appellant for damages to its fire truck, and apparatus connected therewith, alleged to have been caused by reason of appellant operating one of its cars over a street crossing in a negligent manner, and in violation

of the provisions of certain ordinances, resulting in a
collision between said truck and car.   Appellant filed a
motion to have the complaint on which the cause was
tried made more specific, and a demurrer thereto for
want of sufficient facts, each of which was overruled.
It also filed a counterclaim against appellee, based on
the alleged negligence of the firemen in charge of the
operation of said truck, by which it sought to recover
damages resulting to its car in said collision.   A de-
murrer to this counterclaim was sustained, and the is-
sues were closed by an answer in general denial to the
complaint.   The cause was tried by a jury, resulting in
a verdict and judgment in favor of appellee.   Appel-
lant filed a motion for a new trial, which was overruled,
and it is now prosecuting this appeal on an assignment
of errors, which requires a determination of the ques-
tions hereinafter considered.

Appellant's contention that the court committed re-
versible error in overruling its motion to require appel-
lee to make its complaint more specific is not well
taken.   It has been held that overruling such a
motion is so largely a matter of discretion with
the trial court that, to render its action in that regard
reversible error on appeal, it is necessary that the
mover show that he was in some way injured by the
denial.   *Leimgruber* v. *Leimgruber* (1908), 172 Ind.
370, 86 N. E. 73, 88 N. E. 593.   Appellant has not sug-
gested in what way it was misled, as to the nature of
the demand in suit, or how it was prevented from mak-
ing full preparation for its defense, or any other mat-
ter that worked to its disadvantage by reason of the
court's action in overruling said motion.   In view of
this fact, and the further fact that an examination of
the record fails to disclose that any substantial rights
of appellant were probably affected by such action of
the court, we are led to conclude that no reversible error

was committed in overruling such motion, even if it could be said that such action was technically erroneous. *Cincinnati, etc., R. Co.* v. *Miller* (1904), 36 Ind. App. 26, 72 N. E. 827, 73 N. E. 1001; *Carter* v. *Richart* (1916), 65 Ind. App. 255, 114 N. E. 110; *Lake County, etc.,* v. *Verplank* (1919), 71 Ind. App. 186, 124 N. E. 494; *Western Life, etc., Co.* v. *Lindsay* (1920), 74 Ind. App. 122, 127 N. E. 841.

There was no error in overruling appellant's demurrer to the complaint. It shows that appellant was operating its car in violation of certain ordinances of appellee; that while so operating its car, and as a result thereof, it was struck by appellee's fire truck, which was being driven on one of its streets in response to an emergency fire alarm; that by reason of such collision, which occurred without fault on the part of appellee, it sustained damages to its said fire truck in the sum of $4,000. It thus alleges a duty on the part of appellant, a violation thereof, and resulting damages to appellee. This is sufficient to state a cause of action. *Public Utilities Co.* v. *Handorf* (1916), 185 Ind. 254, 112 N. E. 775.

Appellant predicates error on the action of the court in sustaining appellee's demurrer to its counterclaim. There was no error in this ruling. If appellant had a cause of action against appellee because of the facts alleged, it could not prosecute the same as a counterclaim in this action, as appears from the following decisions. *Lake Shore, etc., R. Co.* v. *Van Auken* (1891), 1 Ind. App. 492, 27 N. E. 119; *Excelsior Clay Works* v. *DeCamp* (1907), 40 Ind. App. 26, 80 N. E. 981; *Hooven, Rec.,* v. *Meyer* (1920), 74 Ind. App. 9, 128 N. E. 614. However, it is clear that the facts stated by appellant in its alleged counterclaim did not constitute a cause of action in its favor. It is well settled that the maintenance and operation of a fire de-

partment by a municipality for the purpose of preventing and extinguishing fires is the performance of a governmental act, and therefore, it is not liable for the negligence of its firemen while engaged in the discharge of their duties as such. *Aschoff* v. *City of Evansville* (1904), 34 Ind. App. 25, 72 N. E. 279; *Louisville, etc., Traction Co.* v. *Jennings* (1919), 73 Ind. App. 69, 123 N. E. 835; *Louisville, etc., R. Co.* v. *Chastain* (1919), 25 Ga. App. 275, 103 S. E. 39; *Frederick* v. *City of Columbus* (1898), 58 Ohio St. 538, 51 N. E. 35; *Greenwood* v. *Louisville* (1877), 13 Bush (Ky.) 226, 26 Am. Rep. 263. It thus appears that appellant had no cause of action against appellee, arising from the collision between its car and appellee's fire truck, which it could have maintained against appellee in an independent suit. This essential requisite of a counterclaim being absent, the demurrer in question was properly sustained.

Appellant contends, that in order for appellee to recover in this action the evidence must show that the ordinances, alleged to have been violated, were 5, 6. passed before its franchise was granted, or that they were a part of the same, or, if passed subsequently, that it agreed to be bound thereby. Appellant evidently bases this contention on the theory, that to hold it liable for the violation of the ordinances in question, without the existence of one of the enumerated circumstances, would be to impair the contract obligations contained in its franchise. The ordinances in question relate to the speed of cars within the corporate limits of appellee and at street crossings, the right of way of its fire departments over its streets, and the duty of persons in charge of street cars to stop the same and remain stationary upon the approach of any fire apparatus. The adoption of these ordinances was clearly within the police power of appellee, as con-

ferred by statute.    §8665, cls. 31 and 49, Burns 1914,
Acts 1905 p. 219.    This power, so conferred, is a con-
tinuing power, and one of which appellee could not
divest itself by contract or otherwise.    6 R. C. L. 190;
*City of Chicago* v. *Pennsylvania Co.* (1911), 252 Ill.
185, 96 N. E. 833, 36 L. R. A. (N. S.) 1081, 25 Ann.
Cas. 1912D 400; *City of St. Paul* v. *Chicago, etc., R.
Co.* (1918), 139 Minn. 322, 166 N. W. 335.    The con-
stitutional provision against the impairment of con-
tract obligations does not apply where the legislation,
which is alleged to impair a contract right under an
ordinance granting a privilege, is an exercise of the
police power.    *Idaho Power, etc., Co.* v. *Blomquist*
(1914), 26 Idaho 222, 141 Pac. 1083, Ann. Cas. 1916E
282; *State* v. *Superior Court* (1912), 67 Wash. 37, 120
Pac. 861, L. R. A. 1915C 287, Ann. Cas. 1913D 78;
*Carthage* v. *Garner & Lawson* (1908), 209 Mo. 688, 108
S. W. 521; *People* v. *Geneva, etc., Traction Co.* (1906),
98 N. Y. Supp. 719, 112 App. Div. 581; *Chicago, etc.,
R. Co.* v. *City of Milwaukee* (1897), 97 Wis. 418, 72
N. W. 1118; *Westport* v. *Mulholland* (1900), 159 Mo.
86, 60 S. W. 77, 53 L. R. A. 442; *State* v. *Murphy*
(1895), 130 Mo. 10, 31 S. W. 594, 31 L. R. A. 798;
*South Covington, etc., R. Co.* v. *Covington* (1912), 146
Ky. 592, 143 S. W. 28; *Colorado, etc., R. Co.* v. *City of
Ft. Collins* (1911), 52 Col. 281, 121 Pac. 747, Ann. Cas.
1913D 646.    In harmony with this well-recognized
rule, the Supreme Court of this state held:    "That the
prohibition as to impairment of contract obligations
does not extend to subjects affecting the health, safety
and general welfare of the public."    *Grand Trunk, etc.,
R. Co.* v. *City of South Bend* (1909), 174 Ind. 203, 89
N. E. 885, 91 N. E. 809, 36 L. R. A. (N. S.) 850.    The
judgment in this case was reversed by the Supreme
Court of the United States, for reasons stated in its
opinion, but in doing so that court recognized the rule

stated above in the following language: "Undoubtedly the railroad here took no vested interest in the maintenance of the laws or regulations of force when the ordinance was passed in 1868, but the rights acquired were subject to the power of the municipality to pass reasonable regulations necessary to secure public safety. * * * The city could therefore legislate as to crossings, grades, character of rails, rate of speed, giving of signals, and the details of operating track and train, regulating the use of the franchise, and preserving the concurrent rights of the public and the company." *Grand Trunk, etc., R. Co.* v. *South Bend* (1912), 227 U. S. 544, 33 Sup. Ct. 303, 57 L. Ed. 633, 44 L. R. A. (N. S.) 405. It follows that appellant's contention is not well taken.

It is also contended that since the ordinances in question provide penalties for their violation, they do not afford a basis for civil liability. It is well settled in this state, that the violation of a duty imposed by a statute or a municipal ordinance is negligence *per se,* and where injury flows directly therefrom, as a natural and probable result of the wrongful act, unaffected by the contributory negligence of the injured party, a liability is incurred by the wrongdoer. *Pennsylvania Co.* v. *Hensil* (1880), 70 Ind. 569, 36 Am. Rep. 188; *Cleveland, etc., R. Co.* v. *Tauer* (1911), 176 Ind. 621, 96 N. E. 758, 39 L. R. A. (N. S.) 20; *Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 102 N. E. 21; *Steiert* v. *Coulter* (1913), 54 Ind. App. 643, 102 N. E. 113, 103 N. E. 117. The fact that a statute imposes a penalty for its violation will not prevent an action for damages resulting therefrom. *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423, 87 N. E. 229, 139 Am. St. 389; *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, Ann. Cas. 1917A 474; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607,

62 N. E. 492, 92 Am. St. 319. Municipal ordinances have the same local force and effect as statutes, and hence the same rule will apply. *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 88 N. E. 1073; *New York, etc., R. Co.* v. *Lind* (1913), 180 Ind. 38, 102 N. E. 449; *Prest-O-Lite Co.* v. *Skeel, supra; Wabash R. Co.* v. *Beedle* (1910), 173 Ind. 437, 90 N. E. 760; *Jeffersonville Mfg. Co.* v. *Holden, supra.* This is in accord with the general rule relating to the effect of a penal provision in a statute or ordinance, on the right to maintain an action for damages resulting from a violation thereof. *Walker* v. *Klopp* (1916), 99 Nebr. 794, 157 N. W. 962, L. R. A. 1916E 1292; *Parker* v. *Barnard* (1882), 135 Mass. 116, 46 Am. Rep. 450; *Zajkowski* v. *American Steel, etc., Co.* (1918), 258 Fed. 9, 169 C. C. A. 147, 6 A. L. R. 348; *Norfolk, etc., Co.* v. *Corletto* (1902), 100 Va. 355, 41 S. E. 740; *Beisegel* v. *New York, etc., R. Co.* (1870), 14 Abb. Pr. R. (N. S.) (N. Y.) 29; *Backenstoe* v. *Wabash, etc., R. Co.* (1885), 23 Mo. App. 148; *Narramore* v. *Cleveland, etc., R. Co.* (1899), 96 Fed. 298, 37 C. C. A. 499, 48 L. R. A. 68; *Variety Iron Co.* v. *Poak* (1914), 89 Ohio St. 297, 106 N. E. 24; 2 Cooley, Torts (3d ed.) 1400; *Indiana, etc., Gas Co.* v. *Anthony* (1900), 26 Ind. App. 307, 58 N. E. 868. Appellant's contention, therefore, cannot be sustained.

We agree with appellant that the violation of an ordinance will not sustain an action for negligence unless such violation is the proximate cause of the injury of which complaint is made. This rule, however, cannot aid appellant in the instant case, as the jury found in favor of appellee on the question of proximate cause, and as there is some evidence to sustain such finding, we are bound thereby. We also hold that the evidence tends to establish facts and circumstances, which warrant an inference, that appellant

was operating the street car in question at the time of its alleged collision with appellee's fire truck. This is sufficient on appeal. *Chicago, etc., R. Co.* v. *Mitchell* (1915), 184 Ind. 383, 110 N. E. 215.

Appellant has challenged the sufficiency of the evidence to sustain the finding of the jury with reference to the negligence of appellant, and the contributory negligence of the firemen in charge of appellee's truck at the time of the alleged collision. It suffices to say in this regard, that these questions were submitted to the jury under instructions favorable to appellant, and, as there is some evidence to sustain the finding of the jury with reference thereto, we are bound thereby. *Dorrell* v. *Herr* (1916), 184 Ind. 445, 111 N. E. 614; *National Life Ins. Co.* v. *Headrick* (1916), 63 Ind. App. 54, 112 N. E. 559.

Appellant complains of the action of the court in giving instructions Nos. 2 and 3. There was no error in giving said instruction No. 2, as appellant could not escape liability for injury, resulting from its violation of the ordinances in question, because it did not appear that it had agreed to be bound thereby. Instruction No. 3 relates to the jury's consideration of evidence of a character held to be competent in the case of *Chicago, etc., R. Co.* v. *Spilker* (1893), 134 Ind. 380, 33 N. E. 280, 34 N. E. 218. In the light of this decision we cannot say that there was any error in giving said instruction. Appellant also complains of the court's refusal to give instruction No. 3 requested by it. This instruction informed the jury that in the event it found for appellee, the measure of recovery would be the penalty provided for the violation of the ordinance given in evidence. In view of what we have said in considering other questions, there was no error in refusing to give this instruction.

No question is presented as to the admissibility of

the evidence referred to in the motion for a new trial, as appellant has not set out in its brief what objections, if any, were made in the trial court to the admission of such evidence, or that any exceptions were taken to the action of the court in its rulings thereon. *Chaney, Admr.,* v. *Wood* (1917), 63 Ind. App. 687, 115 N. E. 333. We find no reversible error in the record. Judgment affirmed.